UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
HS 45 JOHN LLC,

                           Debtor.
-----------------------------------------------------------------x

-----------------------------------------------------------------x
45 JOHN NY, LLC,

                           Plaintiff

   - against-

HS 45 JOHN LLC,

                           Defendant.
-----------------------------------------------------------------x

Chapter 11

**COMPLAINT TO RECOVER MONEY FROM DEBTOR**

Case No. 15-10368 (SHL)

## JURISDICTION

1. This Adversary Proceeding is brought pursuant to Bankruptcy Rule 7001(1) to recover money from HS 45 JOHN LLC ("Debtor") for all the damages incurred by 45 JOHN NY LLC ("Plaintiff") in purchasing the property located at 45 John Street, New York, NY 10038 ("Premises") and the Plaintiff's legal fees associated with litigating various motions in this case.

2. This Court has jurisdiction over this Proceeding pursuant to 28 U.S.C. 1334(b) and the standing order, entered by the United States Bankruptcy Court, Southern District of New York, pursuant to 28 U.S.C. 157 (a). Subject matter jurisdiction exists pursuant to 28 U.S.C. §157(b) as a case under title 11 and a core proceedings arising under title 11, or arising in a case under title 11 in accordance with 28 U.S.C. §157(b)(2).

## PARTIES

3. Plaintiff, 45 JOHN NY LLC, is a Delaware limited liability company, located at 150 Broadway, Suite 900, New York, NY 10038.

4. Defendant, HS 45 JOHN LLC, is a New York limited liability company, located at c/o Orin Management, 37-04 Parsons Boulevard, Flushing, NY 1 1354.

## GENERAL ALLEGATIONS

5. The Plaintiff and the Defendant, entered into a Contract of Sale (Herein attached to as "Exhibit A") for the sale and purchase of real property located at 45 John Street, New York, NY 10038 ("Premises"). That Contract required the Sale of the Premises to be "free and clear". That Contract was approved by the Court.

6. Before the closing on the Premises, the Plaintiff was provided a brief period of due diligence. While inspecting the Premises, the Plaintiff found AT&T's Cell Tower structure ("Cell Tower") at the Premises.

7. Plaintiff inquired the Defendant about the Cell Tower, and Defendant response that there was no lease for the Cell Tower.

8. Further, the Defendant also advised the Plaintiff that the Cell Tower structure had been abandoned and that the physical Cell Tower would be removed.

9. The Contract of Sale between the Plaintiff and the Defendant calls for the sale of the Premises to be "free and clear" of any lease with respect to the Cell Tower and for the removal of the Cell Tower prior to closing.

10. The Plaintiff also insisted upon including the language "free and clear" in the Bankruptcy Court Order, which approved of this sale. The Bankruptcy Court Order which approved of the sale between the Plaintiff and Defendant also called for the sale to be "free and clear".

11. On the date of the closing, the Cell Tower had not yet been removed, and therefore an escrow of $25,000 was established (Herein attached to as "Exhibit B"), which was to cover the costs involved in physically removing the Cell Tower structure. According to the Agreement between the parties, the escrow was to remain for a period of no more than 90 days.

12. Upon information and belief, the Cell Tower and its structure do not conform to zoning requirements and proper papers have not been submitted and approved by the City of New York and its relevant agencies.

13. Thereafter, the Defendant filed a motion with the Bankruptcy Court to terminate or reject AT&T's Cell Tower lease; the Court denied the motion to reject AT&T's lease on June 27, 2016. At that time, the Court also ruled that the Premises were not sold "free and clear" of

any rights of AT&T. Further, the Court ruled that all of AT&T's and the Purchaser's rights, claims, and defenses under the Cell Tower Lease and applicable non-bankruptcy laws are preserved.

14. The presence of the Cell Tower at the Premises has caused considerable damage to the Premises, including but not limited to physical damages to the Premises, damages to the parapet walls, damages in the form of growth of mold on the walls, leakage in the walls of the Premises etc.

15. Furthermore, the Plaintiff is unable to utilize the Premises for the purpose that it was purchased due to the presence of the Cell Tower, causing considerable amount of damages to the Plaintiff. The Plaintiff had purchased the Premises for property development, with an aim to rent the space out. The Cell Tower is present in the common rooftop area of the building and also on the personal balconies of residences. Thus, the presence of the Cell Tower will substantially affect the Plaintiff in terms of being able to rent the space out, or in other words, utilize the Premises for its contemplated use.

16. Because of Defendant's breach of contract to sell the Premises free and clear, the Plaintiff has been damaged.

17. After the closing on the property, AT&T has claimed that the damages to which it would be entitled if the cell tower is removed or relocated could be in excess of $500,000.

18. Upon and information and belief, the Defendant has in escrow an amount in excess of $500,000, apart form the $25,000 in escrow established to physically remove the Cell tower structure.

## CLAIM FOR RELIEF

19. The Defendant has breached its Contract to sell the Premises to the Plaintiff "free and clear", in violation of the Contract of Sale.

20. The Contract required the Premises "free and clear" of the Cell Tower and the Lease, and the fact the CT and L is still there, has cost the Plaintiff and will cost in the future time, money and legal fees.

WHEREFORE Plaintiff 45 JOHN NY, LLC respectfully demands judgment as follows:

(a) Awarding Plaintiff its damages, which are estimated to be approximately $500,000.

(b) Because more than 90 days have passed, the escrow of $25,000 should be ordered paid to the Purchaser immediately, pursuant to the Escrow Agreement;

(c) Awarding Plaintiff its costs and expenses; and

(d) Such other and further relief against the Defendant as the Court shall deem just and proper.

Dated: July 06, 2016
New York, New York

Respectfully Submitted,

By: /s/ Allan R. Freedman
Allan R. Freedman, Esq.
Attorney for Plaintiff
150 Broadway, Suite 900
New York, NY 10038
(212) 804-8400